UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUC QUY TRAN,

       Plaintiff,

v.

WARDEN, FLORIDA SOFT SIDE SOUTH, MIAMI FIELD OFFICE DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT'S ENFORCEMENT AND REMOVAL OPERATIONS, ACTING DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORCEMENT, SECRETARY OF HOMELAND SECURITY, U.S. ATTORNEY GENERAL,

       Defendants,

Case No. 2:25-cv-1224-KCD-NPM

## ORDER

Petitioner Luc Quy Tran is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and an accompanying emergency motion for temporary restraining order (Doc. 2).[1] He asks this Court to intervene quickly. Specifically, he seeks an order preventing the Government from removing him from the United States—or even from this judicial district—while his case is pending. He argues that

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

without this pause button, the Government might whisk him away to a third country where he has no ties and fears persecution, all without giving him a fair chance to object. (*See* Doc. 2 at 1-2.)

Tran's concerns are logical. But federal courts operate within strict boundaries set by Congress. And when it comes to stopping the Government from executing a removal order, those boundaries are high walls that we cannot scale. What is more, Tran's fear that moving him physically will strip this Court of jurisdiction is legally unfounded. Because the relief Tran seeks is either unobtainable or unnecessary, his emergency motion falls short.

## I. Background

Tran has lived in the United States since 1978, having arrived as a toddler refugee from Vietnam. (Doc. 1 ¶ 2.) Although he grew up here, a 1994 murder conviction stripped him of his lawful status and resulted in a removal order. (*Id.* ¶ 3.) But the Government allegedly could not execute that order because Vietnam refuses to repatriate certain citizens. (*Id.* ¶ 4.) Facing this diplomatic impasse, the Department of Homeland Security (DHS) released Tran under an Order of Supervision in 2003. (*Id.*)

For the next twenty-two years, Tran lived in the community, marrying a U.S. citizen and attending his immigration check-ins. (*Id.* ¶¶ 54, 66.) That stability ended last month. When Tran appeared for a scheduled check-in, DHS detained him. (*Id.* ¶ 72.) An officer allegedly explained that while

deportation to Vietnam remained "impossible," the Government now intended to remove him to a third country—specifically mentioning Mexico or an unnamed nation in Africa. (*Id.* ¶ 76.) Tran filed this emergency motion to prevent that removal and compel the Government to provide him due process.

## II. Standard of Review

To obtain a temporary restraining order (TRO), the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

## III. Discussion

Tran raises substantive arguments that are not easily dismissed. But having a good argument is not alone enough for a TRO—you must also seek a remedy the Court can give. *See, e.g.*, *Sekona v. Perez*, No. 1:19-CV-00400-JLT-HBK, 2025 WL 2140093, at *2 (E.D. Cal. July 29, 2025) ("The injunctive

relief an applicant requests must relate to the claims brought in the complaint."). The fundamental stumbling block here is the relief Tran requests.

First, he asks the Court to intervene and stay his removal. (Doc. 2 at 1-2.) But the Immigration and Nationality Act contains a jurisdiction-stripping provision that is as clear as it is potent. It states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

This provision is designed to protect the Government's discretion in three specific areas: commencing proceedings, adjudicating cases, and— crucially for Tran—executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). When a claimant seeks an injunction to stay his removal, he is asking the court to do exactly what the statute forbids: interfere with the Government's decision to execute a removal order. *See Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021).

Staying Tran's removal would be to forbid the executive from doing what § 1252(g) says we cannot interfere with. "Courts across the country have thus found that they are barred from staying removal, even when the

4

court might otherwise have jurisdiction over the [underlying] claims presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018). Because § 1252(g) removes this Court's power to act, Tran's request to enjoin removal from the United States must be denied. *See, e.g.*, *Torres-Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at *9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

Next up, Tran asks for an order preventing the Government "from removing [him] from this District . . . pending this action." (Doc. 2 at 2.) The answer is similarly no. "[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Tran's transfer is superfluous. We do not issue injunctions to prevent harms that legally cannot happen. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

5

Finally, Tran seeks an order enjoining the Government from removing him to a third country without "meaningful notice" and an "opportunity to present a fear-based claim." (Doc. 2 at 2.) He also proposes specific deadlines for this notice. (*Id.*) This request runs into a different, but equally fatal, hurdle. Stripped of its specifics, it is a request for the Government to follow the law. And as a general rule, federal courts do not issue broad "obey the law" injunctions. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999). The Government is already bound by the Constitution and valid regulations. Adding a court order that effectively says "do not violate due process" provides no additional clarity or guidance. It merely restates the obligations that the Government is already presumed to know and required to follow. *See, e.g.*, *Joseph v. Inspector Gen.*, No. 2:23-CV-334-JES-KCD, 2023 WL 4824465, at *4 (M.D. Fla. July 27, 2023) (noting that "a request for an order prohibiting any prison official from retaliating against [the claimant] would serve little purpose, as it would amount to nothing more than an instruction to obey the law, which is a duty already in place").

## IV. Conclusion

While the Court takes Tran's underlying liberty claims seriously, the specific stopgap measures he requests are either beyond our reach or beside the point. Accordingly, his Motion for Temporary Restraining Order (Doc. 2)

is **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

**ORDERED** in Fort Myers, Florida on January 20, 2026.

Kyle C. Dudek
United States District Judge